1

2

3

4

5

6

**GIBSON, DUNN & CRUTCHER LLP**
THEODORE J. BOUTROUS JR., SBN 132099
   tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
   rdoren@gibsondunn.com
DEBORAH L. STEIN, SBN 224570
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Tel.: 213.229.7000
Fac.: 213.229.7520

7

8

9

10

11

12

**ROBINSON & COLE LLP**
STEPHEN E. GOLDMAN
  sgoldman@rc.com
WYSTAN M. ACKERMAN
  wackerman@rc.com
*Motions for pro hac vice admission pending*
280 Trumbull Street
Hartford, CT 06103
Tel.: 860.826.3579
Fac.: 860.275.8299

13

Attorneys for Defendant Travelers Indemnity
Company of Connecticut

14

UNITED STATES DISTRICT COURT

15

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16 GERAGOS & GERAGOS, APC, a<br>17 Professional Corporation,<br><br>18         Plaintiff,<br><br>19    v.<br><br>20 THE TRAVELERS INDEMNITY<br>COMPANY OF CONNECTICUT, a<br>21 corporation; ERIC GARCETTI, an<br>individual; and DOES 1 to 25, inclusive,<br>22<br>        Defendants. | **CASE NO. 2:20-cv-04414**<br><br>**NOTICE OF REMOVAL BY DEFENDANT TRAVELERS INDEMNITY COMPANY OF CONNECTICUT**<br><br>[Removal from the Superior Court of the State of California, Los Angeles County, Case No. 20STCV14022] |

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Travelers Indemnity Company of Connecticut ("Travelers") hereby removes this action from the Superior Court of the State of California for Los Angeles County, where it is pending as Case No. 20STCV14022, to the United States District Court for the Central District of California.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Travelers and Plaintiff Geragos & Geragos, APC ("Plaintiff" or "G&G"), and the amount in controversy exceeds $75,000, exclusive of interest and costs. The citizenship of Defendant Does 1 to 25 should be disregarded for purposes of evaluating diversity. 28 U.S.C. 1441(b); *see McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (district court properly disregarded Doe defendants who were not "indispensable parties and served no other purpose than protecting the plaintiff under California pleading practice"). The citizenship of the remaining Defendant, Los Angeles Mayor Eric Garcetti ("Mayor Garcetti"), should also be disregarded because he is not properly joined in this lawsuit. Rather, Mayor Garcetti was apparently joined in an attempt to destroy diversity among the parties; this fraudulent joinder, however, is ineffective and should not be considered in the evaluation of this Court's jurisdiction. Grounds for removal are set forth in more detail below.

I.     **BACKGROUND**

A.     **This Action**

1.     Plaintiff commenced this action on April 10, 2020, in the Superior Court of the State of California for Los Angeles County, which is within the district and division to which this case is removed. As required under 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Travelers in the underlying state court action is attached concurrently herewith.

Gibson, Dunn &
Crutcher LLP

2.      In this declaratory judgment action, Plaintiff alleges that an insurance policy bearing policy number 680-5G335353 (the "Policy") insures losses of "business income" "caused by" Mayor Garcetti's Executive Order ("Order") relating to the "Coronavirus" and the "global COVID-19 pandemic."  Compl. ¶¶ 2, 6-21.  According to the Complaint, the Order "direct[ed] all 'non-essential' businesses to be closed in Los Angeles."  *Id.* ¶ 17.[1]  The Policy was issued to Plaintiff by Travelers Casualty Insurance Company of America, not the erroneously sued Travelers Indemnity Company of Connecticut.

3.      Pursuant to California Code of Civil Procedure §§ 1060 *et seq.*, the Complaint seeks a declaratory judgment as to what Plaintiff presents as four insurance coverage issues:  (1) that the Order "constitutes a prohibition of access (or a significant limitation of access) to Plaintiff's Insured Premises"; (2) that the "prohibition of access by the Order is specifically prohibited access as defined in the Policy"; (3) that the Order "triggers coverage because the Policy does not include an exclusion for a viral pandemic and actually extends coverage for loss or damage due to physical loss and damage"; and (4) that "the Policy provides coverage for any current and future civil authority closures of commercial buildings in California due to physical loss or damage from the Coronavirus under the Civil Authority coverage parameters and the Policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the insured premises or immediate area of the insured premises."  Compl., Prayer for Relief.

4.      The Complaint identifies Travelers as the party with which G&G has a contract of insurance and from which G&G seeks insurance coverage.  It also names Mayor Garcetti as a defendant, though he is not a party to the insurance contract at issue nor does he have any rights or obligations under that contract.  And G&G does not seek any relief from or related to Mayor Garcetti in this insurance coverage

---

[1]  Plaintiff admits, however, that G&G is exempt from Mayor Garcetti's Order because it is an "essential business."  Compl. ¶ 18.

1    dispute.  The few allegations that mention him simply set forth purported background

2    information relevant to G&G's dispute with Travelers.  At most, Mayor Garcetti is a

3    third-party witness to an incident (the issuance of the Order) ancillary to the dispute at

4    issue.  No claim is or can be stated against Mayor Garcetti in this dispute between

5    G&G and Travelers.  Therefore, this Court should disregard the citizenship of Mayor

6    Garcetti, who was fraudulently joined in this lawsuit in an apparent attempt to defeat

7    diversity, and assert its subject matter jurisdiction over this action.

8         5.    Travelers was served with the Summons and Complaint no earlier than

9    April 16, 2020.  This Notice is timely filed under 28 U.S.C. § 1446(b).

10        6.    Because Mayor Garcetti was fraudulently joined, his consent is not

11   required for this removal.  28 U.S.C § 1446(b)(2)(A) ("[A]ll defendants who have been

12   *properly joined* and served must join in or consent to the removal of the action."

13   (emphasis added)); *see also United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756,

14   762 (9th Cir. 2002) ("[T]he 'rule of unanimity' does not apply to . . . 'fraudulently

15   joined parties.'" (citation omitted)).

16        7.    Upon filing the Notice of Removal, Travelers will furnish written notice

17   to G&G's counsel, and will file and serve a copy of this Notice with the Clerk of the

18   Los Angeles County Superior Court, pursuant to 28 U.S.C. § 1446(d).

19   **B.    Ongoing Federal Action**

20        8.    On April 20, 2020, Travelers Casualty Insurance Company of America

21   filed a Complaint for Declaratory Relief against G&G in this Court, seeking a

22   declaration that it has no obligation under the same Policy at issue in this action for

23   G&G's claimed losses of business income related to the Coronavirus.  Travelers

24   Casualty Insurance Company of America also seeks a declaration on the same issue

25   under a second insurance policy applicable to G&G's New York office.  That case,

26   number 2:20-cv-03619, is assigned to the Honorable Philip S. Gutierrez.

27

28

Gibson, Dunn &
Crutcher LLP

1  **II.    THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT**
2         **TO 28 U.S.C. § 1332**

3         9.    This Court has subject matter jurisdiction over this case pursuant to 28

4  U.S.C. § 1332.  There is complete diversity of citizenship between G&G and

5  Travelers.  The amount in controversy exceeds $75,000, exclusive of interest and

6  costs.

7         **A.    There Is Complete Diversity of Citizenship Between Plaintiff and**

8                **Travelers**

9         10.    Plaintiff G&G is a citizen of California because it is incorporated in

10 California and has its principal place of business in Los Angeles, California.  Compl.

11 ¶ 1.

12        11.    Travelers is a citizen of Connecticut because it is incorporated in

13 Connecticut and its principal place of business is in Hartford, Connecticut.  *See* Compl.

14 ¶ 2.[2]

15        12.    The Complaint names Mayor Garcetti as a defendant in his official

16 capacity and alleges that he is a citizen of California.  Compl. ¶ 3.  Mayor Garcetti is

17 fraudulently joined and should be disregarded for purposes of determining diversity of

18 citizenship.

19        13.    The citizenship of "DOES 1 to 25, inclusive," also named as Defendants

20 in this matter, should be disregarded for purposes of assessing jurisdiction.  28 U.S.C.

21 § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the

22 jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under

23 fictitious names shall be disregarded.").  Plaintiff has pleaded no facts regarding Does

24 1 to 25: whether they exist, who they are, where they live, or how they are related to

25 this case.  *See McCabe*, 811 F.2d at 1339 (district court properly disregarded "100 Doe

26

27

28
    [2] Travelers Casualty Insurance Company of America, the entity that in fact issued the
    Policy to Plaintiff, is also a citizen of Connecticut because it is incorporated in
    Connecticut and its principal place of business is in Hartford, Connecticut.

1    defendants" who were not "indispensable parties and served no other purpose than

2    protecting the plaintiff under California pleading practice").

3            **B.        The Amount in Controversy Exceeds $75,000**

4            14.        Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires

5    that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of

6    interest and costs."  This requirement is met.  A notice of removal "need include only a

7    plausible allegation that the amount in controversy exceeds the jurisdictional

8    threshold," *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), and

9    if contested, a court will determine whether the threshold is met by a preponderance of

10   the evidence, *id.* at 88; *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416

11   (9th Cir. 2018).  In declaratory relief actions, "the amount in controversy is measured

12   by the value of the object of the litigation."  *Corral v. Select Portfolio Servicing, Inc.*,

13   878 F.3d 770, 775 (9th Cir. 2017) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840

14   (9th Cir. 2002)).  Such value is determined by "the pecuniary result to either party

15   which the judgment would directly produce."  *Id.* (quotation marks and citation

16   omitted).

17           15.        Here, the Complaint does not include a specific demand for damages.  On

18   a full and fair reading of the Complaint, however, the amount in controversy exceeds

19   $75,000, exclusive of interest and costs.  The Complaint seeks a declaration that

20   Travelers' insurance coverage extends to business income lost by G&G, which is

21   described as "world-renowned law offices" that employ upwards of 25 lawyers,

22   paralegals, and staff members.  Compl. ¶¶ 1, 7.  Plaintiff alleges that its business "has

23   been greatly limited and has suffered immensely" and that it has incurred and

24   continues to incur "a substantial loss of business income and additional expenses."  *Id.*

25   ¶¶ 18, 21.  G&G requests a declaration of coverage under both the Policy's Business

26   Income coverage and its Civil Authority coverage, and not only for the firm's losses to

27   date, but also for losses stemming from any *future* civil authority closures of

28   California's commercial buildings "due to . . . the Coronavirus."  *Id.* ¶ 26.

Gibson, Dunn &
Crutcher LLP

1    16.    Based on information provided by G&G to Travelers Casualty Insurance

2    Company of America in connection with the Policy's issuance and/or renewal, the

3    amount in controversy plainly exceeds $75,000.  Travelers will make this information

4    available if requested by the Court or otherwise necessary.

5    17.    The Complaint alleges that its business losses arise from Los Angeles's

6    stay-at-home order issued March 15, 2020.  That order has been extended until at least

7    May 15, 2020, meaning that it will be in effect for at least *two months*.  *See*

8    https://covid19.lacounty.gov/wp-content/uploads/HOO_Safer-at-Home-Order-for-

9    Control-of-COVID_04102020.pdf.  Los Angeles County officials have announced that

10    the stay-at-home order will likely be extended for at least three additional months.

11    18.    The Complaint does not seek a declaration of coverage for only the two-

12    month duration of the current stay-at-home order, but also for coverage arising from

13    any and all "future" business closures due to COVID-19.  Compl. ¶ 26.  Because it is

14    reasonable to assume that stay-at-home orders will extend beyond May 15, and the

15    policy at issue includes 12 consecutive months of business-losses coverage, the

16    Complaint puts "at stake" significant future business-interruption losses beyond May

17    15.  *See Chavez*, 888 F.3d at 417 (where plaintiff alleges "future [losses]," it is

18    appropriate to include all potential future losses in the amount in controversy); *Arias v.*

19    *Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (defendant may make

20    "reasonable assumptions" in demonstrating amount in controversy (quotation marks

21    omitted)).

22    19.    Allegations of a "substantial" loss of G&G's business and future losses

23    "due to . . . the Coronavirus" thus compel the conclusion that the object of the

24    declaratory relief sought plausibly exceeds $75,000.  While Travelers does not concede

25    that G&G is entitled to any relief, a fair reading of the Complaint describes an amount

26    in controversy exceeding the jurisdictional minimum.

27

28

Gibson, Dunn &
Crutcher LLP

**III.   MAYOR GARCETTI IS FRAUDULENTLY JOINED**

20.   The Complaint expressly alleges that the controversy at issue in this action is solely between G&G and Travelers—Mayor Garcetti is not involved in this contractual dispute over the respective rights and obligations of two parties to an insurance policy.  *See* Compl. ¶ 23 ("An actual controversy has arisen between *Plaintiff* and *Travelers* as to the rights, duties, responsibilities and obligations of the parties[.]" (emphasis added)).  Because G&G has not and cannot establish a cause of action against Mayor Garcetti relevant to this controversy, his joinder is fraudulent, diversity jurisdiction exists over this action, and this action is properly removed.

21.   "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *McCabe*, 811 F.2d at 1339.  Fraudulent joinder is established when "a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'"  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

22.   Fraudulent joinder can be established when, as here, claims against a resident defendant are predicated on a contract to which the resident defendant is not a party.  *See United Computer Sys.*, 298 F.3d at 761.

**A.   Plaintiff Does Not and Cannot State a Claim for Declaratory Relief Against Mayor Garcetti**

23.   G&G brings its claim for declaratory relief pursuant to California Code of Civil Procedure § 1060.  Compl. ¶ 23.[3]  To state a claim for declaratory relief, a

---

[3] Sitting in diversity and assessing fraudulent joinder, this Court should consider the underlying claim "under California law." *McCabe*, 811 F.2d at 1339.  Looking to the declaratory judgment claim at issue, "[f]ederal courts 'have consistently applied California Code of Civil Procedure § 1060 rather than the federal Declaratory Judgment Act when sitting in diversity.'" *D. Cummins Corp. v. U.S. Fid. & Guar. Co.*, No. 14-CV-935-SC, 2014 WL 2211979, at *2 n.2 (N.D. Cal. May 28, 2014) (quoting *Schwartz v. U.S. Bank, Nat'l Ass'n*, No. 11-cv-8754 MMM, 2012 WL 10423214, at *15 (C.D. Cal. Aug. 3, 2012)).

Gibson, Dunn & Crutcher LLP

8

1    plaintiff must "set[] forth facts showing the existence of an actual controversy relating

2    to the legal rights and duties of the respective parties under a written instrument . . .

3    and request[] that the rights and duties of the parties be adjudged by the court."

4    *Benjamin v. Wells Fargo Bank, N.A.*, No. 11-cv-6593-VBE, 2011 WL 13220918, at *2

5    (C.D. Cal. Oct. 17, 2011) (quoting *Wellenkamp v. Bank of Am.*, 21 Cal. 3d 943, 947

6    (1978)).  "The main requirement for declaratory relief is a present and actual

7    controversy between the parties."  *Id.* (citing *City of Cotati v. Cashman*, 29 Cal. 4th 69,

8    80 (2002)).

9          24.    Where, as here, a "[p]laintiff has failed to state any claims, [and] there is

10   no actual and present controversy," the declaratory relief claim must be dismissed.

11   *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1038 (N.D. Cal.

12   2010).  When a defendant is uninvolved in a "present and actual controversy," then

13   that defendant is fraudulently joined.  *See Daniels v. Am.'s Wholesale Lender*, No. 11-

14   cv-1287 PA, 2011 WL 13225097, at *1 n.1 (C.D. Cal. Oct. 24, 2011) (complaint

15   challenging default failed to state a claim against financial institutions other than the

16   institution which executed the notice of default).

17         25.    The only "actual controversy" alleged in the Complaint "has arisen

18   between *Plaintiff* and *Travelers* as to the rights, duties, responsibilities and obligations

19   of the parties."  Compl. ¶ 23 (emphasis added).  Plaintiff describes the controversy as

20   involving four issues of contract interpretation specific to the insurance policy issued

21   to Plaintiff:  whether (1) the Order prohibits access to the "Insured Premises" as

22   described in the insurance policy; (2) the Order is a "prohibition . . . of access" as

23   described in the insurance policy; (3) the Order "triggers" insurance coverage because

24   the policy's virus exclusion does not apply and a virus causes physical loss or damage

25   to the "Insured Premises"; and (4) the Policy provides coverage for any current or

26   future civil authority closures "due to physical loss or damage from the Coronavirus"

27   and provides business income coverage "in the event that Coronavirus has caused a

28   loss or damage" at Plaintiff's premises or in the immediate area.  *Id.*  The Complaint

Gibson, Dunn &
Crutcher LLP

1    neither generally nor specifically alleges any controversy or dispute between Plaintiff

2    and Mayor Garcetti.  Thus, "[o]n the basis of the complaint alone," there is no claim

3    for declaratory judgment against Mayor Garcetti under California law because G&G

4    did not even attempt to allege a controversy against him.  *McCabe*, 811 F.2d at 1339.

5         26.    The factual allegations in the Complaint outline a dispute over G&G's

6    entitlement to insurance coverage under various provisions of its insurance contract

7    with Travelers Casualty Insurance Company of America.  Plaintiff's Complaint

8    identifies the Policy, alleges G&G's performance under the Policy, and purports to

9    summarize the Policy's terms.  Compl. ¶¶ 6-14.  Plaintiff then provides the factual

10   premise for its insurance coverage claim, describing the "global COVID-19 pandemic"

11   and the City and State orders that purportedly limited access to the Insured Premises

12   and caused Plaintiff's business to suffer.  *Id.* ¶¶ 15-20.  The Complaint does not

13   describe any dispute with Mayor Garcetti or challenge his Order (which Plaintiff

14   embraces as a basis for its claims against Travelers) and, in fact, acknowledges that

15   G&G is exempt from Mayor Garcetti's Order as an "essential business."  *Id.* ¶ 18.

16        27.    Additionally, G&G does not seek any relief vis-à-vis Mayor Garcetti.  As

17   previously described, none of the declarations sought relates in any way to Mayor

18   Garcetti.  *See supra* ¶ 4.

19        28.    G&G also has failed to demonstrate that it has standing to sue Mayor

20   Garcetti.  *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1427 (9th Cir. 1989)

21   (holding that nondiverse defendants were fraudulently joined where plaintiffs were not

22   parties to agreements with those defendants, failed to allege injury by those

23   defendants, and had no standing to sue them).

24        29.    In short, the references to Mayor Garcetti and the Order simply provide

25   context for the insurance coverage dispute between Plaintiff and Travelers.  Because

26   G&G "failed to state any cause of action against [Mayor Garcetti]; [his] joinder to

27   [Travelers] as defendant[] was a sham; [his] presence did not destroy diversity."

28   *McCabe*, 811 F.2d at 1339.

Gibson, Dunn &
Crutcher LLP

Case 2:20-cv-04414-PSG-E   Document 1   Filed 05/15/20   Page 11 of 12   Page ID #:11

**B.      G&G Cannot Defeat Removal by Amending Its Complaint to Add New Claims Against Mayor Garcetti**

30.      "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal[.]" *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).  Thus, when evaluating fraudulent joinder, courts do not consider possible claims or causes of action that were not alleged against the sham defendant in the removed complaint.  *See Kruso*, 872 F.2d at 1426 n.12 (9th Cir. 1989) (the court "confine[d] [its] review to the facts alleged in the original complaint" and refused to consider allegations in a "Proposed First Amended Complaint" which attempted to state claims against the sham defendants); *see also Health Pro Dental Corp. v. Travelers Prop. Cas. Co. of Am.*, No. 17-cv-0637 BRO, 2017 WL 1033970, at *5 n.6 (C.D. Cal. Mar. 17, 2017) ("The Court declines to consider causes of action that were not pleaded in the operative complaint to determine whether Baker is a sham defendant."); *Goens v. Adams & Assocs., Inc.*, No. 2:16-cv-0960 TLN, 2017 WL 3167809, at *4 (E.D. Cal. July 26, 2017) ("The court, however, should only consider facts alleged in the operative complaint, rather than causes of action or facts which could be included in an amended complaint."); *Altman v. HO Sports Co.*, No. 1:09-cv-1000 AWI, 2009 WL 2590425, at *3 (E.D. Cal. Aug. 20, 2009) ("[T]he propriety of removal is determined by the complaint as it existed at the time of removal.").

31.      At the time of removal, G&G makes no claim against Mayor Garcetti and thereby establishes no controversy against him.  An attempt by G&G to create new claims against Mayor Garcetti, which is impossible given the limited scope of the contract controversy at issue, would be irrelevant to this removal analysis.  *See Kruso*, 872 F.2d at 1426 n.12.

32.      Because G&G's complaint does not articulate a cause of action against Mayor Garcetti, and because the requested declaratory judgment is predicated on an insurance contract to which Mayor Garcetti is not party, Mayor Garcetti's joinder is fraudulent and does not defeat diversity.

Gibson, Dunn & Crutcher LLP

11

## IV.   VENUE

33.     The United States District Court for Central District of California, Western Division is the federal judicial district in which the Los Angeles County Superior Court sits.  This action was originally filed in the Los Angeles County Superior Court, rendering venue in this federal judicial district and division proper.  28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

## V.   CONCLUSION

34.     For the foregoing reasons, Travelers respectfully states that this action, previously pending in the Superior Court of the State of California for the County of Los Angeles, is properly removed to this Court, and Travelers respectfully requests that this Court proceed as if this case had been originally filed in this Court.


Dated:  May 15, 2020                          GIBSON, DUNN & CRUTCHER LLP

By:   /s/ *Richard J. Doren*
Richard J. Doren, SBN 124666
    rdoren@gibsondunn.com
Theodore J. Boutrous Jr., SBN 132099
    tboutrous@gibsondunn.com
Deborah L. Stein, SBN 224570
    dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Tel.: 213.229.7000
Fac.: 213.229.7520

*Attorneys for Defendant Travelers Indemnity Company of Connecticut*

Of Counsel:

ROBINSON & COLE LLP
Stephen E. Goldman (*pro hac vice* pending)
    sgoldman@rc.com
Wystan M. Ackerman (*pro hac vice* pending)
    wackerman@rc.com
280 Trumbull Street
Hartford, CT 06103
Tel.: 860.275.8200
Fac.: 860.275.8299

Gibson, Dunn &
Crutcher LLP