# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/10/2020 11:44 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk
20STCV14022
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Yolanda Orozco

# GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS        SBN 108325
BEN J. MEISELAS         SBN 277412
MATTHEW M. HOESLY    SBN 289593

**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593
HARMEET K. DHILLON    (SBN: 207873)
harmeet@dhillonlaw.com
NITOJ P. SINGH          (SBN: 265005)
nsingh@dhillonlaw.com

*Attorneys for Plaintiff,*
GERAGOS & GERAGOS, APC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

LOS ANGELES COUNTY—STANLEY MOSK COURTHOUSE

| | |
|---|---|
| GERAGOS & GERAGOS, APC, a Professional Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a corporation; ERIC GARCETTI, an individual, and; DOES 1 to 25, inclusive,<br><br>Defendants. | CASE NO.:   20STCV14022<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

- 1 -

Exhibit A, Page 5

Plaintiff Geragos & Geragos, APC ("G&G" or "Plaintiff"), brings this Complaint, alleging against Defendants The Travelers Indemnity Company of Connecticut ("Travelers"), Eric Garcetti ("Garcetti"), and DOES 1 through 25 (collectively as "Defendants") as follows:

## PARTIES

1. At all relevant times, Plaintiff Geragos & Geragos, APC is a Professional Corporation organized and authorized to do business and doing business in the State of California. Plaintiff owns, operates, and/or manages the world-renowned law offices of Geragos & Geragos, which are centrally located in downtown Los Angeles at 644 South Figueroa Street, Los Angeles, CA 90017. The entire commercial office space is owned, managed, and/or controlled by Plaintiff.

2. At all relevant times, Defendant The Travelers Indemnity Company of Connecticut ("Travelers") is a corporation organized under the laws of Connecticut, and licensed by the State of California to do business and doing business in the County of Los Angeles, California (COA #6168) subscribing to Policy Number 680-5G335353 (the "Policy") issued to Plaintiff for the period of December 16, 2019 through December 16, 2020. Travelers is transacting the business of insurance in the state of California and the basis of this suit arises out of such conduct.

3. At all relevant times, Defendant Eric Garcetti is an individual who is being named in his official capacity as the Mayor of Los Angeles.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the matter alleged herein.

5. Plaintiff is informed and believes, and thereon alleges, that this Court is the proper venue for trial because the acts and/or omissions complained of took place, in whole or in part, within the venue of this Court. Further, Defendants are located and conduct business here, and witnesses are located here.

## FACTUAL BACKGROUND

6. On or about December 16, 2019, Plaintiff entered into a contract of insurance with Travelers, whereby Plaintiff agreed to make payments to Travelers in exchange for

- 2 -

Travelers' promise to indemnify Plaintiff for losses including, but not limited to, business income losses at its commercial building center (hereinafter "Insured Property") located at 644 South Figueroa Street, Los Angeles, CA 90017.

7. The Insured Property consists of the world-renowned law offices of Geragos & Geragos, which employs upwards of 25 dedicated and supremely talented lawyers, paralegals and ancillary staff members. The entire commercial office space is owned, managed, and/or controlled by Plaintiff.

8. The Insured Property is covered under an insurance policy issued by the Travelers bearing Policy Number 680-5G335353 (the "Policy").

9. The Policy is currently in full effect, providing property, business personal property, business income and extra expense, and additional coverages between the period of December 16, 2019 through December 16, 2020.

10. Plaintiff faithfully paid policy premiums to Travelers, specifically to provide additional coverages for "Business Income and Extra Expense Coverage" in the event of business closures by order of Civil Authority.

11. Under the Policy, insurance is extended to apply to the actual loss of business income sustained and the actual, necessary and reasonable extra expenses incurred when access to the scheduled premises is specifically prohibited by order of Civil Authority as the direct result of a covered cause of loss to property in the immediate area of Plaintiff's scheduled premises. This additional coverage is identified as coverage under "Civil Authority" as part of the Policy's "Property Optional Coverages" section.

12. The Policy is an all-risk policy, insofar as it provides that a covered cause of loss under the policy means direct physical loss or direct physical damage unless the loss is specifically excluded or limited in the Policy.

13. The Policy's Civil Authority Coverage Section extends coverage to direct physical loss or damage that results in a covered cause of loss to the Property in the immediate area of the "scheduled premises".

14. Based on information and belief, Travelers has accepted the policy premiums

with no intention of providing any coverage under the Policy's Civil Authority Coverage Section due to a loss and shutdown from a virus pandemic.

15. The global COVID-19 pandemic has physically impacted both public and private property and physical spaces around the world, as well as the right of the general public to gather and utilize retail business locations. The currently-raging pandemic has been exacerbated by the fact that the deadly virus physically infects and stays on surfaces of objects or materials, "fomites," for up to twenty-eight days. The scientific community in the United States and indeed, across the world, including the World Health Organization, has recognized that the Coronavirus is a cause of real physical loss and damage.

16. Indeed, a number of countries such as: China, Italy, France, and Spain have required the fumigation of public areas prior to allowing them to re-open. A recent scientific study printed in the New England Journal of Medicine explains that the virus is detectable for up to three hours in aerosols, up to four hours on copper, up to 24 hours on cardboard boxes, and up to three days on plastic and stainless steel[1]. Notably, the most potent form of the virus is not airborne but rather present on physical surfaces.

17. On March 15, 2020, the Mayor of Los Angeles, Defendant Garcetti, issued an Executive Order (No. 202.6) directing all "non-essential" businesses to be closed in Los Angeles. Defendant Garcetti's Order came on the heels of Governor Gavin Newsom's similar state-wide order issued earlier that day. Defendant Garcetti's Order specifically referenced that it was being issued based on the dire risks of exposure with the contraction of COVID-19 and evidence of physical damage to property. Shortly thereafter, Governor Newsom issued a state-wide "Stay-at-Home Order" for all residents of California. In this case, the property that is damaged is in the immediate area of the Insured Property.

18. As a direct and proximate result of this Order, and while technically exempted as an "essential business" under the Order, access to and business in connection

---

[1] See Aerosol and Surface Stability of SARS-CoV-2 as Compared with SARS-CoV-1, New England Journal of Medicine (March 17, 2020), available at https://www.nejm.org/doi/pdf/10.1056/NEJMc 2004973?articleTools=true

- 4 -

with Plaintiff's Insured Property has been greatly limited and has suffered immensely.

19.  As a further direct and proximate result of the Order, Plaintiff has been forced to deal with a substantial loss in business traffic and client / law related business activities.

20.  Any effort by Travelers to deny the reality that the Coronavirus causes physical loss and damage would constitute a false and potentially fraudulent misrepresentation that could endanger policyholders, such as Plaintiff, and the public.

21.  A declaratory judgment determining that the coverage provided under the Policy will prevent Plaintiff from being left without vital coverage acquired to ensure the survival of its business due to the unprecedented scale of the shutdown caused by the Order. As a result of this Order, Plaintiff has incurred, and continues to incur, a substantial loss of business income and additional expenses covered under the Policy.

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF

### (Against All Defendants and DOES 1 to 25)

22.  Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each and every paragraph of this Complaint.

23.  Under California Code of Civil Procedure section 1060 et seq., the court may declare rights, status, and other legal relations whether or not further relief is or could be claimed. An actual controversy has arisen between Plaintiff and Travelers as to the rights, duties, responsibilities and obligations of the parties in that Plaintiff contends and, on information and belief, Travelers dispute and deny, that: (1) the Order by Garcetti, in his official capacity as Mayor of Los Angeles, constitutes a prohibition (or at least a significant limitation) of access to Plaintiff's Insured Premises (notwithstanding the "essential" nature of the business) ; (2) the prohibition (or significant limitation) of access by the Order is specifically prohibited access as defined in the Policy; (3) the Order triggers coverage because the Policy does not include an exclusion for a viral pandemic and actually extends coverage for loss or damage due to physical loss and damage, including by virus; and (4) the Policy provides coverage to Plaintiff for any current and future civil authority closures of

- 5 -

commercial buildings in California due to physical loss or damage from the Coronavirus under the Civil Authority coverage parameters and the Policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the insured premises or immediate area of the Insured Premises. Resolution of the duties, responsibilities and obligation of the parties is necessary as no adequate remedy at law exists and a declaration of the Court is needed to resolve the dispute and controversy.

24. Plaintiff seeks a Declaratory Judgement to determine whether the Order constitutes a prohibition of access to its Insured Premises by a Civil Authority as defined in the Policy.

25. Plaintiff further seeks a Declaratory Judgement to affirm that the Order triggers coverage because the Policy does not include exclusion for a viral pandemic and actually extends coverage for physical loss or damage to the Insured Premises.

26. Plaintiff further seeks a Declaratory Judgment to affirm that the Policy provides coverage to Plaintiff for any current and future civil authority closures of commercial buildings in California due to physical loss or damage from the Coronavirus and the Policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the Insured Premises.

27. Plaintiff does not seek any determination of whether the Coronavirus is physically in the Insured Premises, amount of damages, or any other remedy other than declaratory relief.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff herein, Geragos & Geragos, APC, prays as follows:

1) For a declaration that the Order by Eric Garcetti, in his official capacity as Mayor of Los Angeles, constitutes a prohibition of access (or significant limitation of access) to Plaintiff's Insured Premises located at 644 South Figueroa Street, Los Angeles, California 90017.

2) For a declaration that the prohibition of access by the Order is specifically prohibited access as defined in the Policy.

- 6 -

3) For a declaration that the Order triggers coverage because the Policy does not include an exclusion for a viral pandemic and actually extends coverage for loss or damage due to physical loss and damage.

4) For a declaration that the Policy provides coverage to Plaintiff for any current and future civil authority closures of commercial buildings in California due to physical loss or damage from the Coronavirus under the Civil Authority coverage parameters and the Policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the insured premises or immediate area of the insured premises.

5) For such other relief as the Court may deem just and proper.

DATED: April 9, 2020

**GERAGOS & GERAGOS, APC**
**DHILLON LAW GROUP INC.**

By: _____
MARK J. GERAGOS
BEN J. MEISELAS
MATTHEW M. HOESLY
HARMEET K. DHILLON
NITOJ P. SINGH
*Attorneys for Plaintiff,*
GERAGOS & GERAGOS, APC

- 7 -