UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  JS-6

| Case No. | CV 20-4414 PSG (Ex)<br>CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al.<br>Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

Present: The Honorable   Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   The Court DENIES the motion to remand and DENIES the motion to dismiss or stay

Before the Court is a motion to remand in *Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al.*, filed by the plaintiff in that action Geragos and Geragos, APC ("Geragos and Geragos"). *See* CV 20-4414 PSG (Ex) ("*Geragos and Geragos Action*"), Dkt. # 23 ("*MTR*"). Defendant Travelers Casualty Insurance Company of America ("Travelers"), opposed. *See* Dkt. # 28 ("*MTR Opp.*"). Geragos and Geragos replied. *See* Dkt. # 29 ("*MTR Reply*"). Also before the Court is a motion to dismiss or stay in *Travelers Casualty Insurance Company of America v. Geragos and Geragos*, filed by the defendant in that action, Geragos and Geragos. *See* CV 20-3619 PSG (Ex) ("*Travelers Action*"), Dkt. # 16 ("*MTD*"). The plaintiff, Travelers, opposed. *See* Dkt. # 19 ("*MTD Opp.*"). Geragos and Geragos replied. *See* Dkt. # 20 ("*MTD Reply*"). The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **DENIES** the motion to remand, and **DENIES** the motion to dismiss or stay.

I.   Background

   A.   *Geragos and Geragos Action*

Geragos and Geragos filed a complaint in Los Angeles Superior Court on April 10, 2020 against Travelers and Mayor Garcetti. *See Geragos and Geragos Action*, Dkt. # 1-2 ("*Compl.*"). Geragos and Geragos is a national law firm that owns commercial office space in downtown Los Angeles. *See id.* ¶ 1. On or about December 16, 2019, Geragos and Geragos entered into an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex) <br> CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al. <br> Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

insurance contract (the "Policy") with Travelers, whereby it agreed to make payments to Travelers in exchange for Travelers' promise to indemnify Geragos and Geragos for, among other things, business income losses. *See id.* ¶¶ 6–8. The global COVID-19 pandemic has physically impacted property and physical spaces. *See id.* ¶ 15. On March 15, 2020, in response to the virus, the Mayor of Los Angeles, Mayor Garcetti, issued an Executive Order directing all "non-essential" businesses to be closed in Los Angeles. *See id.* ¶ 17. Geragos and Geragos alleges that as a result of the Order, access to and business in connection with its property has been limited and suffered losses. *See id.* ¶¶ 18–19.

Geragos and Geragos brought a single cause of action for declaratory relief, seeking a declaration that: (1) the Order "constitutes a prohibition of access" to its premises; (2) that the "prohibition of access by the Order is specifically prohibited access as defined in the Policy"; and (3) that the Order triggers coverage under the Policy and provides coverage for current and future similar civil authority closures of commercial buildings in California. *See id.* ¶¶ 22–27, *Prayer for Relief*.

On May 15, 2020, Travelers removed the action to this Court. *See Geragos and Geragos Action*, Dkt. # 1 ("*NOR*"). The action was removed on grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See id.* ¶ 9. Travelers asserted that the amount in controversy exceeds $75,000 and that there is complete diversity between the parties because Geragos and Geragos is a citizen of California, Travelers is a citizen of Connecticut, and although Mayor Garcetti is also a citizen of California, he is fraudulently joined. *See id.* ¶¶ 10–32. On June 12, 2020, Geragos and Geragos filed a First Amended Complaint ("FAC"). *See Geragos and Geragos Action*, Dkt. # 21 ("*FAC*"). The FAC adds three additional causes of action for (1) breach of contract against Travelers, (2) bad faith—breach of the implied covenant of good faith and fair dealing against Travelers, and (3) violation of Business & Professions Code § 17200 against Travelers. *See id.* ¶¶ 28–59.

Geragos and Geragos moves to remand the action. *See generally MTR*.

B. *Travelers* Action

Travelers filed a complaint in this Court on April 20, 2020. *See Travelers Action*, Dkt. # 1. Travelers seeks declaratory judgment under two business owners insurance policies that Travelers issued to Geragos and Geragos, seeking a declaration that it has no obligation under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex)<br>CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al.<br>Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

the policies for Geragos and Geragos' claimed losses of business income due to COVID-19. *See generally id.* Travelers brings a single cause of action for declaratory judgment. *See id.* ¶¶ 29–33.

Geragos and Geragos moves to dismiss or stay the action. *See generally MTD*.

II.   Legal Standard

   A.   Motion to Remand

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

   B.   Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex) <br> CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al. <br> Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III. Discussion

The Court turns first to the motion to remand the *Geragos and Geragos* Action, and then to the motion to dismiss or stay the *Travelers* Action.

    A.    *Geragos and Geragos* Action

Geragos and Geragos makes two arguments in support of its motion to remand. First, it argues that the parties are not completely diverse and therefore, that the Court lacks subject matter jurisdiction over the action. *See generally MTR*. Second, in the alternative, it argues the Court should exercise its discretionary authority under the Declaratory Judgment Act and abstain pursuant to the *Colorado River* and *Younger* Doctrines. *See generally id*. The Court takes these in turn.

        i.    *Complete Diversity*

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a).

Geragos and Geragos does not dispute that the amount in controversy is met, or that it is a citizen of California and Travelers is a citizen of Connecticut. *See generally MTR*. Rather, the dispute centers around whether Mayor Garcetti, a California citizen, is fraudulently joined, as Travelers contends. *See id.* 1–3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex)<br>CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al.<br>Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

When a defendant has been fraudulently joined for the purpose of destroying diversity or removal jurisdiction, the Court "may ignore the presence of that defendant for the purpose of establishing" jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046). Thus, a defendant "bears a 'heavy burden'" of establishing fraudulent joinder and "there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* (quoting *Hunter*, 582 F.3d at 1046).

Geragos and Geragos first argues that there is a valid cause of action against Mayor Garcetti. The operative complaint at the time of removal directs the single declaratory relief cause of action at both Travelers and Mayor Garcetti. *See Compl.* ¶¶ 22–27. Geragos and Geragos contends that Mayor Garcetti's joinder was proper because "the denial of the policy would not have occurred absent Mayor Garcetti's order, the propriety of Mayor Garcetti's order is a significant issue that needs to be resolved." *See MTR* 2:28–3:2. The Court disagrees. The Complaint does not describe any controversy or dispute *with Mayor Garcetti* that would support a declaratory relief claim against him. *See generally Compl.* Rather, the action turns on a contract between Geragos and Geragos and Travelers, and Mayor Garcetti is not a party to that contract. *See generally id.* The Complaint seeks declaratory relief regarding the terms of that contract, and specifically alleges that "[a]n actual controversy has arisen between Geragos and Geragos and Travelers as to the rights, duties, responsibilities and obligations" under the Policy. *See id.* ¶ 4. It does not seek any remedy from Mayor Garcetti, nor seek to challenge or alter his Order. *See id.*, *Prayer for Relief*. And the Ninth Circuit has held that in actions based on contract, a plaintiff fraudulently joins a defendant where, as here, that defendant's rights and responsibilities cannot be altered by a ruling on the contract at issue. *See United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 760–61 (9th Cir. 2002) (individual fraudulently joined where lawsuit involved "various legal theories arguably premised on" a contract to which the individual was not a signatory); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1427 (9th Cir. 1989); *Grancare*, 889 F.3d at 548; *see also Pez Seafood DTLA, LLC v. The Travelers Indem. Co. et al.*, No. CV 20-4699-DMG (GJSx), 2020 WL 4500304, at *4 (C.D. Cal. Aug. 4, 2020)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex) <br> CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al. <br> Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

(holding that the plaintiff fraudulently joined a defendant, Davis, in an insurance coverage dispute predicated in part on Davis' stay at home order).

Geragos and Geragos also argues that, even if it has not stated a cause of action against Mayor Garcetti, Travelers has not shown that Geragos and Geragos is unable to amend and state a claim against Garcetti. *See MTR* 3:4–10. It is true that the fraudulent joinder standard requires courts to "consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. But Geragos and Geragos has made no effort to explain what facts or causes of action it would newly and validly allege against Mayor Garcetti if it amended its pleadings (and has not, in fact, brought any additional causes of action against Mayor Garcetti in its FAC). *See MTR* 2–3; *MTR Reply* 9–10; *FAC*. Any such cause of action would presumably be unrelated to the facts and claims it has alleged in the Complaint and FAC regarding interpretation of its insurance contract with Travelers. *See Pez Seafood*, 2020 WL 4500304, at *4 ("But [p]laintiff's argument would stretch that already-permissive [fraudulent joinder] rule beyond its breaking point because [p]laintiff makes no mention of what particular constitutional challenge, or any challenge whatsoever, it plans to bring . . . . Moreover, any such claim arguably would be subject to a severance motion when paired with the existing claims."). And the Court cannot conclude that Geragos and Geragos can possibly save by amendment the single cause of action for declaratory relief related to contract interpretation that it brought against Mayor Garcetti. *Cf. Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (finding fraudulent joinder where the plaintiff could plead additional facts to support her *existing claims* against the supervisor brought in the operative pleading); *see also Mark's Engine Co. No. 28 Rest., LLC v. Traveler's Indem. Co. of Conn.*, No. 2:20-CV-04423-AB-SK, 2020 WL 4283958, at *4 (C.D. Cal. July 27, 2020) (holding that Mayor Garcetti was fraudulently joined in an insurance coverage dispute).

Accordingly, the Court concludes that Travelers has carried its heavy burden of demonstrating fraudulent joinder of Mayor Garcetti. With Mayor Garcetti's citizenship ignored, there is complete diversity of citizenship between the parties. Accordingly, this does not provide a basis for remanding the action.

        ii.        *Declaratory Judgment Act*

Although the parties are completely diverse, and Geragos and Geragos does not contest that $75,000 is in controversy, providing diversity jurisdiction over the action, it argues that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex) <br> CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al. <br> Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

Court should abstain from considering the declaratory relief claim under the Declaratory Judgment Act. *See MTR* 3–9.

The Declaratory Judgment Act ("DJA") provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Under the Act, a district court may decline to exercise jurisdiction over a declaratory action, even though subject matter jurisdiction is otherwise proper. The decision to grant declaratory relief rests within a district court's discretion. *See United States v. Washington*, 759 F.2d 1353, 1356 (9th Cir. 1985); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

In determining whether to exercise its discretion not to hear a case, a court must first "determine whether there are any independent claims in the case that exist apart from purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *See Snodgrass v. Provident*, 147 F.3d 1163, 1167–68 (9th Cir. 1998); *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001) ("The proper analysis [] must be whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed."). If so, the court may not decline jurisdiction over the action under the Declaratory Judgment Act. *See Snodgrass*, 147 F.3d at 1167; *see also Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012) ("[T]his discretionary jurisdictional rule [under the DJA] does not apply to '[c]laims that exist independent of the request for a declaration' . . . [t]hese 'independent' claims are instead evaluated under the *Colorado River* doctrine."); *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 840 (9th Cir. 2017) ("So long as the suit seeks more than merely declaratory relief . . ., the entire action should be analyzed under the *Colorado River* framework [not under the *Brillhart* framework.]"). In addition, "[r]emanding only the declaratory component of such an action will frequently produce piecemeal litigation, a result which the Declaratory Judgment Act was intended to avoid." *See Snodgrass*, 147 F.3d at 1167 (internal citation omitted).

Here, the FAC includes a claim for declaratory relief as well as claims for breach of contract, bad faith—breach of the implied covenant of good faith and fair dealing, and violation of Business & Professions Code § 17200, and seeks damages. *See FAC* ¶¶ 28–59, *Prayer for Relief*. The additional claims afford an independent basis for the federal action. *See Snodgrass*, 147 F.3d at 1167. The Ninth Circuit has explained that where, as here, "an action for declaratory

Case 2:20-cv-04414-PSG-E Document 31 Filed 08/12/20 Page 8 of 14 Page ID #:819

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex)<br>CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al.<br>Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

relief is joined with other claims, (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *See Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225–26 & 1225 n.9 (9th Cir. 1998) (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)). Accordingly, the Court declines to abstain or remand the claim for declaratory relief pursuant to the Declaratory Judgment Act.

      *iii.*    Colorado River *Abstention*

A federal court may abstain from exercising its jurisdiction in favor of parallel state proceedings where doing so would serve the interests of "[w]ise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). Nonetheless, "because 'generally, as between state and federal courts with concurrent jurisdiction, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction,' the *Colorado River* doctrine is a narrow exception to 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (cleaned up) (quoting *Colorado River*, 424 U.S. at 817).

Courts consider the following factors as part of a *Colorado River* analysis:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Seneca*, 862 F.3d at 841–42. The court may only decline to exercise jurisdiction if there are "exceptional circumstances," and the "clearest of justifications." *See Cone Mem'l Hosp.*, 460 U.S. at 19; *Colorado River*, 424 U.S. at 819.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex)<br>CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al.<br>Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

Geragos and Geragos argues that "[i]f this Court abstains from hearing this matter, all of the claims involving Plaintiff and Travelers will be adjudicated," and that abstention "will also foreclose the possibility of piecemeal litigation." *See MTR* 12:13–16.

The Court assesses the factors in turn, and concludes that abstention under *Colorado River* is not appropriate here.

> 1. *Factors One and Two: Jurisdiction Over Property and Inconvenience of Federal Forum*

As to the first factor, there is no physical property at stake, thus, this factor is irrelevant. *See R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011). The second factor is also irrelevant as both the federal and state forums are located in Los Angeles. *See id*.

> 2. *Factor Three: Piecemeal Litigation*

As to the third factor, "[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990) (citation omitted). "A general preference for avoiding piecemeal litigation is insufficient to warrant abstention," and, "[i]nstead, there must be exceptional circumstances present that demonstrate that piecemeal litigation would be particularly problematic." *Seneca*, 862 F.3d at 842; *see also United States v. Morros*, 268 F.3d 695, 706–07 (9th Cir. 2001) ("[I]t is evident that the avoidance of piecemeal litigation factor is met, as it was in . . . *Colorado River* itself, only when there is evidence of a strong federal policy that all claims should be tried in the state courts."). Geragos and Geragos argues that the existence of three state proceedings involve the same state law issue as here: denial of insurance coverage due to COVID-19. *See MTR* 6:3–15; *Declaration of Ben Meiselas*, Dkt. # 23-1 ("*Meiselas Decl.*"), ¶¶ 2–4, Exs., A, B, C. Travelers argues that these actions involve different parties (different insureds) and different types of businesses. *See MTR Opp.* 12–13. Assuming these different actions would result in overlapping contract-interpretation issues, Geragos and Geragos has not identified "exceptional circumstances" that would require abstention. *See generally MTR*; *see also Seneca*, 862 F.3d at 842; *Travelers*, 914 F.2d at 1369 ("This case involves ordinary contract and tort issues and is thus unlike *Colorado River* where important real property rights were at stake and where there was a substantial danger of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex) <br> CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al. <br> Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

inconsistent judgments."). Accordingly, the third factor does not weigh against the exercise of jurisdiction.

### 3. *Factor Four: Order in Which the Courts Obtained Jurisdiction*

The fourth factor does not weigh against the exercise of jurisdiction, as "priority is not measured exclusively in terms of which complaint was filed first, but rather in terms of how much progress was actually made in the state and federal actions." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). The actions were filed close in time to each other, and "all actions are in relatively early stages." *See MTR Reply* 4:21–24.

### 4. *Factor Five: Governing Law*

As to the fifth factor Geragos and Geragos argues that the case raises issues involving "the effect of wide-ranging governmental order(s) in relation to the COVID-19 pandemic, which raise novel and complex questions of state law." *MTR Reply* 5:9–12. While the case turns on state law, the action is ultimately an insurance coverage dispute, and "federal courts 'apply state insurance law . . . routinely' and without issue." *Pez Seafood*, 2020 WL 4500304, at *6 (quoting *Seneca*, 862 F.3d at 844 n.3); *see also Travelers*, 914 F.2d at 1370 ("Since this case involves routine issues of state law—misrepresentation, breach of fiduciary duty, and breach of contract—which the district court is fully capable of deciding, there are no such 'rare circumstances' here."). This factor does not weigh in favor of abstention.

### 5. *Factor Six: Whether the State Proceedings Adequately Protect the Federal Litigant's Rights*

The sixth factor is unhelpful. The Ninth Circuit has stated that "this Circuit has not applied this factor against the exercise of federal jurisdiction, only in favor of it," and "the possibility that the state court proceeding might adequately protect the interests of the parties is not enough to justify the district court's deference to the state action." *Travelers*, 914 F.2d at 1370.

### 6. *Factor Seven: Forum Shopping*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex) <br> CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al. <br> Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

In the *Colorado River* context, the Ninth Circuit "has held that forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." *Travelers*, 914 F.2d at 1371 (citations omitted). Geragos and Geragos argues that Travelers has engaged in forum shopping because it removed the state court action, and also filed an "essentially identical" complaint in federal court for declaratory relief. *See MTR* 7. In this action, the Court does not conclude that Travelers is engaged in improper forum shopping because it removed the action to this Court, as this Court has already determined it was properly removed and there is no indication that Travelers is attempting to avoid adverse rulings made in state court or gain advantage from federal court rules.

> 7. *Factor Eight: Whether the California Action Will Fully Resolve the Federal Action*

Although "exact parallelism" between the state and federal actions is not required, *see Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989), the court must have "full confidence that the parallel state proceeding will end the litigation." *See Intel Corp. v. Adv. Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (internal quotation marks and citation omitted). Given that the state proceedings identified involve different parties, there is at least a doubt as to whether the state proceedings will resolve all issues before the Court. *See MTR* 6:3–15; *see, e.g.*, *Mark's Engine*, 2020 WL 4283958, at *5; *see also MTR Reply* 7:14–16 (noting that the "insurance policies differ slightly (and more so as to the losses)" but arguing they are "related to the COVID-19 pandemic and Travelers abject failure and refusal to provide coverage").

In sum, considering the factors, Geragos and Geragos has not demonstrated that *Colorado River* abstention is proper here, especially in light of the heavy presumption against abstention. *See Holder*, 305 F.3d at 870–71.

> iv. Younger *Abstention*

Finally, Geragos and Geragos argues that the Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971). *See MTR* 12–13. A federal court may abstain under *Younger* in three categories of cases: "(1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts." *Herrera v. City of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex) <br> CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al. <br> Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

*Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019). Geragos and Geragos does not identify which threshold category is applicable here, and none are applicable. *See generally MTR*; *see also ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013).

   *v.*  *Summary*

In sum, the Court **DENIES** the motion to remand the action.

  B. *Travelers* Action

Geragos and Geragos moves to dismiss or stay Travelers' declaratory relief action, and again argues that the Court should exercise its discretionary authority under the Declaratory Judgment Act and abstain pursuant to the *Colorado River* and *Younger* Doctrines. *See generally MTD*.

For the same reasons identified above, the Court concludes that *Younger* abstention is not appropriate. Even if *Colorado River* were applicable here, for the same reasons identified above, there are no exceptional circumstances under *Colorado River*. The Court turns to whether it should decline to entertain the suit for declaratory relief under the *Brillhart* factors. *See Dizol,* 133 F.3d at 1225–26; *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

In determining whether to entertain a suit for declaratory relief under the Declaratory Judgment Act, a district court should "avoid needless determination of state law issues," discourage litigants from forum shopping, and "avoid duplicative litigation." *See Dizol,* 133 F.3d at 1225–26. Courts also consider "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems." *See id.* at 1225 n.9; *see also Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001). "If there are parallel state proceedings involving the *same issues and parties* pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Dizol*, 133 F.3d at 1225 (emphasis added); *Brillhart*, 316 U.S. at 495. "The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief," but,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex)<br>CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al.<br>Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

nonetheless, "federal courts should generally decline to entertain reactive declaratory actions." *See Dizol*, 133 F.3d at 1225.

First, Geragos and Geragos argues that the Court should decline to entertain the action because of the three "parallel state court proceedings" identified. *See MTD* 2–12. However, as discussed above, Geragos and Geragos cites to three state court proceedings in which it is not a party, that involve different litigants and different insurance contracts. *See id.* 5:2–10; *cf. Dizol*, 133 F.3d at 1225. In addition, while Geragos and Geragos initially filed its action against Travelers in state court, before this declaratory action involving the same issues in this Court, the action was removed by Travelers to this Court. As discussed above, there is federal subject matter jurisdiction over the removed action. Accordingly, there are not "parallel state court proceedings" that would create the presumption that the suit should be heard in state court, and, rather, a nearly identical action to this declaratory relief action is before this Court. *See Am. Cas. Co. of Reading v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999) ("[A]t the time that the district court was first confronted with the jurisdictional issue, there was no 'parallel state proceeding' in the state trial court to create a presumption that the case should be heard in state court."). Although "reactive" declaratory actions are generally disfavored under the second *Brillhart* factor, an insurer is not prohibited from seeking "a forum that could resolve all issues related to [a policy] in one comprehensive proceeding," and here, Geragos and Geragos' initial action is before this Court providing "one comprehensive proceeding." *See Dizol*, 133 F.3d at 1225; *R.R.*, 656 F.3d at 976. The third factor weighs in favor of retaining jurisdiction, because "[t]he standard for duplicative litigation . . . is whether the same issues between the same parties are currently being litigated in state court," which is not the case here. *See AmTrust Int'l Underwriters Ltd. v. Silver Star Constr. Eng'g, Inc.*, No. CV 18-4776-MWF (JEMx), 2018 WL 5819454, at *3 (C.D. Cal. Oct. 30, 2018) (citing *Brillhart*, 316 U.S. at 495; *Dizol*, 133 F.3d at 1225). Finally, the Court is not convinced the remaining *Brillhart* factors militate in favor of declining to entertain the suit. Given this situation, the Court declines to dismiss or stay the action pursuant to the Declaratory Judgment Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4414 PSG (Ex) <br> CV 20-3619 PSG (Ex) | Date | August 12, 2020 |
|---|---|---|---|
| Title | Geragos and Geragos, APC v. Travelers Indemnity Company of Connecticut et al. <br> Travelers Casualty Insurance Company of America v. Geragos and Geragos | | |

IV.     Conclusion

For the foregoing reasons, the Court **DENIES** the motion to remand in the *Geragos and Geragos* Action, and **DENIES** the motion to dismiss or stay in the *Travelers* Action.

On its own motion, the Court sua sponte consolidates both actions, directs all future pleadings to be filed in the low-numbered case, and closes the high-numbered case.

**IT IS SO ORDERED**.